U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 23 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

VICKIE JEFFCOAT, §
　§
　　Plaintiff, §
　§
VS. § NO. 4:08-CV-672-A
　§
MICHAEL J. ASTRUE, §
COMMISSIONER OF SOCIAL SECURITY,§
　§
　　Defendant. §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the above-captioned action wherein Vickie Jeffcoat is plaintiff and Michael J. Astrue, Commissioner of Social Security (the "Commissioner"), is defendant. This is an action for judicial review of the final decisions of the Commissioner that plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act prior to December 31, 2006, the date she was last insured under Title II of the Social Security Act, and was not disabled under section 1614(a)(3)(A) of the Social Security Act. On December 14, 2009, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation ("FC&R") and granted the parties until January 4, 2010, by which to file objections. Neither party filed objections.[1] For the reasons given below, the court

---

[1] Even though neither party objected to the Magistrate Judge's proposed findings or recommendation, "[t]he authority--and the responsibility--to make an informed, final determination . . . remains with the [district] judge." Mathews v. Weber, 423 U.S. 261, 271 (1976).

accepts the findings and conclusions of the Magistrate Judge, except those expressed in section E.1. of the FC&R, and rejects the Magistrate Judge's recommendation.

I.

Factual and Procedural Background

On May 7, 2002, plaintiff protectively filed concurrent applications for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act. She claimed disability due to "osteo-arthritis, degenerative joint disease, foot problems, back (lower back and shoulders, tailbone), [and] mental illness (MDD)." R. at 244. She alleged a disability onset date of February 16, 2002. Id.

The Commissioner denied plaintiff's applications initially and on reconsideration. Id. at 19. Following receipt of the Commissioner's adverse determination on reconsideration, plaintiff timely requested a hearing before an administrative law judge. Id. at 53. On August 25, 2003, Administrative Law Judge J. Frederick Gatzke conducted a hearing in which plaintiff appeared and testified on her own behalf, with the assistance of counsel. Id. at 543-66. By written decision dated September 19, 2003, Judge Gatzke found that plaintiff was not entitled to benefits because, although plaintiff had severe medically determinable impairments, none of those impairments met or equalled any of the impairments listed in 20 C.F.R. § 404 subpart P, Appendix 1. Id. at 76-81.

Plaintiff filed a written request for review of Judge Gatzke's decision by the Appeals Council, and, on July 16, 2004, the Appeals Council vacated Judge Gatzke's decision and remanded the case for further proceedings. Id. at 82-85, 86-89. Judge Gatzke conducted a supplemental hearing on January 11, 2005. Id. at 568-96. By written decision dated February 4, 2005, Judge Gatzke again found that plaintiff was not entitled to benefits. Id. at 57-64. Plaintiff again requested review by the Appeals Council, which vacated Judge Gatzke's second decision and remanded the case for further proceedings. Id. at 70-72. Pursuant to the order of remand, Administrative Law Judge Ward King conducted a hearing on June 11, 2005. On October 19, 2007, Judge King issued a decision finding that plaintiff was not disabled. Id. at 16-32. The Appeals Council denied plaintiff's request for review, leaving Judge King's decision to stand as the Commissioner's final decision for purposes of judicial review. Id. 5-8, 14-15.

II.

Standards of Review

A.   Judicial Review

A district court reviews the Commissioner's decisions with respect to a denial of social security benefits only to determine (1) whether the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence. Brown v. Apfel, 192 F.3d 492, 496 (5th Cir. 1999). "If the Commissioner's findings are

3

supported by substantial evidence, they are conclusive and must be affirmed." Id. (internal quotation marks and brackets omitted). Substantial evidence is more than a mere scintilla, less than a preponderance, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). The court may not reweigh the evidence or substitute its opinion for that of the Commissioner, but must scrutinize the record in its entirety to ascertain whether substantial evidence exists to support the Commissioner's findings. Id.; Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987). "[N]o substantial evidence will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988) (citing Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)).

B.  Standard for Entitlement to Social Security Benefits

To prove entitlement to disability insurance benefits, plaintiff has the burden of proving that she is disabled. Id. at 344. To be disabled within the meaning of that term in the Social Security Act, plaintiff must have a medically determinable physical or mental impairment, lasting at least twelve months, that prevents her from engaging in substantial gainful activity. 42 U.S.C. §§ 423(d)(1)(A); Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000). Substantial gainful activity is defined as work that involves doing significant physical or mental activities for

pay or profit. 20 C.F.R. § 404.1572(a), (b); Newton, 209 F.3d at 452-53.

The Commissioner engages in a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; Newton, 209 F.3d at 453. Specifically, the Commissioner decides whether

> (1) the claimant is not working in substantial gainful activity; (2) the claimant has a severe impairment; (3) the claimant's impairment meets or equals a listed impairment in Appendix 1 of the Regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other work.

Newton, 209 F.3d at 453. "The claimant bears the burden on the first four steps." Id. If the claimant carries her burden, the burden shifts to the Commissioner at the fifth step to show that the claimant is able to perform other gainful employment in spite of her impairments. Id.

III.

Analysis

Plaintiff presents two issue on appeal. By her first issue, plaintiff contends that Judge King applied the wrong legal standard in evaluating the medical opinion of her treating physician, Dr. Carmella Trulson. Specifically, plaintiff alleges that Judge King erred because he did not weigh the factors in 20 C.F.R. § 404.1527(d)(2) before rejecting Dr. Trulson's opinion.

Generally, the opinion of the claimant's treating physician's should be given controlling weight, as long as it is "well-supported by medically acceptable clinical and laboratory

5

diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." Spellman v. Shalala, 1 F.3d 357, 364 (5th Cir. 1993) (quoting 20 C.F.R. § 404.1527(d)(2) (1992)). However, "[t]he treating physician's opinions are not conclusive." Newton, 209 F.3d at 455. "For good cause shown, the ALJ may discount, or even disregard entirely, the opinion of the treating physician." Brown, 192 F.3d at 500. Before doing so, however, the ALJ is required to consider each of the factors in 20 C.F.R. § 404.1527(d)(2). Newton, 209 F.3d at 456. The factors that must be considered are: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion was a whole; and (6) the specialization of the treating physician. Id.

The Magistrate Judge found that Judge King did not analyze Dr. Trulson's opinion in light of the factors in § 404.1527(d)(2). The court disagrees. Although Judge King did not make an explicit finding as to each of the § 404.1527(d)(2) factors, his discussion of Dr. Trulson's opinion shows that he considered each of them in reaching his decision to reject her opinion. Judge King specifically noted Dr. Trulson's statements that she had seen plaintiff every two to four weeks since December 2001, and that plaintiff's treatment included medication management and psychosocial rehabilitation. This shows that

6

Judge King considered factors (1), (2), and (3). After discussing the remainder of Dr. Trulson's opinion, Judge King came to the following conclusion:

> I reject the opinion evidence of Dr. Trulson (Exhibit 21F) as unsupported by the longintudinal record, including her own treatment notes. Again, the record clearly establishes that absent the use of alcohol and with appropriate medication compliance, Ms. Jeffcoat is able to maintain a functional lifestyle that would include the ability to work.

R. at 30. This statement demonstrates that Judge King rejected Dr. Trulson's opinion because it was unsupported by the medical evidence on record and because it was inconsistent with Dr. Trulson's own treatment notes. Judge King thus considered factors (4) and (5). The sixth factor--the specialization of the treating physician--is inapplicable to this case because neither party alleged that Dr. Trulson was a specialist. Newton requires only that the ALJ "consider" each of the § 404.1527(d)(2) factors and articulate good reasons for its decision to accept or reject the treating physician's opinion. "The [ALJ] need not recite each factor as a litany in every case." Emery v. Astrue, No. 7:07-CV-084-BD, 2008 WL 4279388, at *5 (N.D. Tex. Sept. 17, 2008); accord Burk v. Astrue, No. 3:07-CV-899-B, 2008 WL 4899232, at * 4 n.1 (N.D. Tex. Nov. 12, 2008). The court therefore concludes that Judge King did not apply the wrong legal standard in evaluating Dr. Trulson's opinion.

By her second issue, plaintiff alleges that Judge King's determination of her residual functioning capacity is not supported by substantial evidence. The court agrees with and

7

adopts the Magistrate Judge's conclusion that substantial evidence supports Judge King's determination of plaintiff's residual functioning capacity, as well as all related findings and conclusions.

IV.

Order

Therefore,

The court ORDERS that the Commissioner's decisions that plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act prior to December 31, 2006, the date she was last insured under Title II of the Social Security Act, and was not disabled under section 1614(a)(3)(A) of the Social Security Act be, and are hereby, affirmed.

SIGNED April 23, 2010.

JOHN McBRYDE
United States District Judge